IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALECIA PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-cv-00049 |
| v. | ) | |
| | ) | Judge Nixon |
| CAROLYN W. COLVIN, | ) | Magistrate Judge Griffin |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is attorney Karl E. Osterhout's Petition for Attorney Fee Pursuant to § 206(b)(1) ("Motion"). (Doc. No. 42.) Defendant Commissioner of Social Security has not responded to the Motion. For the following reasons, the Motion is **GRANTED**.

On September 14, 2011, the Court entered an Order reversing and remanding this case to the Commissioner for further administrative proceedings. (Doc. No. 35.) Plaintiff and the Commissioner subsequently filed a joint motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. No. 40), that the Court granted on November 17, 2011, awarding Plaintiff attorney fees in the amount of $5,600.00 (Doc. No. 41).

On remand, Defendant awarded past-due Social Security benefits to Plaintiff. (Doc. No. 42 at 1.) Plaintiff's counsel, Mr. Osterhaut, then filed this Motion, along with a copy of the Social Security Administration's ("SSA") Notice of Award. The Notice verifies an award of past-due benefits to Plaintiff in the amount of $53,187.00. (*Id.* at 6.) Mr. Osterhout argues that 25 percent of the award, or $13,296.75, should be withheld by the SSA for payment of attorney's fees. (Doc. No. 42 at 1–2.) Mr. Osterhout seeks an award of attorney's fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b), in the amount of $13,296.75. (Doc. No. 42 at 4.)

1

Under § 406(b), a court may grant reasonable attorney's fees out of past-due benefits up to 25 percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b) (2012). The Supreme Court has addressed the interplay of contingent-fee agreements and fee awards under § 406(b). In *Gisbrecht v. Barnhart*, the Court explained that nothing in § 406(b)'s text or history "reveals a design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." 535 U.S. 789, 805 (2002) (quotation omitted). Further, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. The Court explicitly rejected the lodestar method—multiplying hours by an hourly rate—for calculating fees under § 406(b). *Id.* at 797–98. However, courts must review contingent-fee agreements for reasonableness, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. A court should not approve a contingency fee if it results in a windfall to the attorney. *Id.* at 808.

A district court from this Circuit has noted that, following *Gisbrecht*, many federal courts have been "unwilling to interpret the windfall rule to permit reduction based solely on a quantitative comparison between the hourly rate represented by the contingent-fee and the attorney's typical hourly rate." *Whitehead v. Barnhart*, No. 1:04-1236-T, 2006 WL 681168, at *3 (W.D. Tenn. Mar. 14, 2006). The Western District of Tennessee found it "impossible" that the Supreme Court's decision in *Gisbrecht* mandates such an interpretation. *Id.* In the absence of Sixth Circuit case law since *Gisbrecht*, the Western District also analyzed the effect of the Supreme Court's decision on pre-*Gisbrecht* Sixth Circuit jurisprudence. *Id.* at *4. The Western District concluded that *Gisbrecht* did not substantially change the body of Sixth Circuit law discouraging a "single-faceted approach" to the windfall rule where the de facto hourly rate is

2

the sole consideration. *Id.* at *4–5 (citing *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856–57 (6th Cir. 1997); *Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990); *Puryear v. Sullivan*, No. 89-1860, 1990 U.S. App. LEXIS 7411, at *4 (6th Cir. May 7, 1990) (unpublished) (per curiam); *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). The Western District held, based on this analysis, that "[m]ore than comparative 'largeness' . . . must be shown before this court will reduce a fee on the theory that it constitutes a 'windfall' to counsel." *Id.* at *3. The Commissioner in *Whitehead* only opposed a contingency fee because it resulted in a large de facto hourly rate. *Id.* at *4. In light of its holding, the Western District rejected the Commissioner's objection and awarded a 25 percent contingency fee that resulted in a de facto rate of $982.00 per hour. *Id.*

Other courts have similarly upheld the primacy of contingent-fee agreements and granted requests for fees under § 406(b) that resulted in high de facto hourly rates in the wake of *Gisbrecht*. *See Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1366 (N.D. Ga. 2005) (approving 25 percent contingency fee resulting in a de facto hourly rate of $643.00); *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1245 (M.D. Ala. 2005) (approving 25 percent contingency fee resulting in a de facto hourly rate of $498.00); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (approving 25 percent contingency fee resulting in a de facto hourly rate of $810.00); *Mudd v. Barnhart*, 2003 WL 23654009 (W.D. Va. 2003), *aff'd* 418 F.3d 424 (4th Cir. 2005) (approving 25 percent contingency fee resulting in a de facto hourly rate of $736.00).

Here, Mr. Osterhaut states the fee-contract agreed to by himself and Plaintiff (*see* Doc. No. 37 at 5) provided that "the fee for representation would be 25 percent of past-due benefits paid to Plaintiff's counsel for Federal Court representation, and specifically provides that any rights she has to this award are assigned to counsel." (Doc. No. 42 at 4.) Mr. Osterhaut asserts

that, at the time the Court reversed the findings of the ALJ, Plaintiff's claim for benefits had been pending for more than three years, and that the Court's decision played a major role in convincing the ALJ to reverse her original decision on remand and to grant past-due benefits, thus demonstrating the effectiveness of counsel's representation. (*Id.*) He, therefore, contends that the requested fee, which is equivalent to a de facto hourly rate of $359.37 per hour, is reasonable. (*Id.*)

The Court agrees with and adopts the reasoning of the Western District in *Whitehead*, as well as its analysis and interpretation of the current law. The Court declines to strike down Plaintiff's valid contingent-fee contract on the grounds that it bestows a windfall to her attorney solely because it results in a high de facto hourly rate. This decision is consistent with the national trend following *Gisbrecht*, and, in fact, results in a lower de facto rate than many other courts have awarded.

Accordingly, the Motion is **GRANTED**. However, attorneys may not recover both EAJA fees and § 406(b) fees in the same case and must refund the smaller amount to the plaintiff in the event that both fees are awarded. *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). The Court therefore **ORDERS** Plaintiff's attorney to refund to Plaintiff the $5,600.00 EAJA fee the Court previously awarded.

It is so ORDERED.

Entered this the \_\_\_5th\_\_\_ day of June, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4